```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON


PAUL BRUMFIELD,

        Plaintiff,

v.                                Case No. 2:09-cv-01223

NAOMI ROBERTS, Health
Services Administrator,
SUBHASH GAJENDRAGAKAR, Doctor,
_____ OBENZA, Doctor,
WEXFORD MEDICAL INC.,

        Defendants.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On November 6, 2009, Plaintiff, an inmate at Mount Olive Correctional Complex, filed a Complaint alleging that he is receiving deliberately indifferent medical care and attention with regard to an abdominal hernia, his sciatic nerve, arthritis in his right knee, and hepatitis C. (Complaint, docket # 2, at 4.) Defendant Obenza is deceased. Defendants Roberts, Gajendragakar and Wexford have filed a motion to dismiss (# 13), to which Plaintiff has responded (# 15).

Plaintiff's Complaint alleges as follows:

> Plaintiff claims that the defendants named herein each of them separately and in concert and acting under color of state law have been maintaining unconstitutional policies, customs and practices regarding Plaintiff's medical care/treatment, having denied and delayed treatment, care, proper medical evaluations by qualified medical personnel, refusing to treat Plaintiff's pain and

>       suffering in relation to his abdominal hernia, spinal/
>       sciatic nerve in lower back, arthritis in right knee, and
>       hepatitis C liver disease. These denials and delays have
>       went on at a minimum since August 20, 2008 until this
>       present day. Plaintiff is still being ignored and
>       suffering and unwanted affliction of extreme pain and
>       suffering by defendants' deliberate indifference to his
>       serious medical needs. * * * (See attached exhibits "A"
>       through "D" in support of exhaustion of administrative
>       remedies.)

(Complaint, # 2, at 4-5.) Exhibit A grieves his hernia ("I am in severe pain in stomach and back"). (# 2-1, at 2-3.) Exhibit B grieves his knee ("Pain runs up my leg. I can't sleep at night"). Id. at 4-5. Exhibit C grieves his low back pain and sciatic nerve ("severe, agonizing and debilitating pain, prevents sleeping and normal movements and functions"). Id. at 6-7. Exhibit D grieves his hepatitis C liver disease and the chronic pain associated with it. Id. at 8.

The defendants' motion to dismiss asserts that the Complaint fails to state a claim because "there are no specific allegations against any of the defendants" and because it fails to state a claim for deliberate indifference to a serious medical need (# 13, at 1). The defendants' memorandum further asserts that the Complaint has no allegations involving Wexford's policies or customs. (# 14, at 2.) The defendants attached Exhibit 1 to their motion, which is a synopsis of the care received by Plaintiff during the period May 6, 2008 through November 30, 2009. (# 13-2, at 1-2.)

Plaintiff's response to the motion to dismiss argues that he

"suffers from 'serious medical conditions' which include an abdominal hernia, spinal sciatic nerve in lower back, arthritis in right knee and hepatitis C liver disease, all of which have been blatantly ignored by these defendants." (# 15, at 3.) Plaintiff asserts that he suffers chronic pain, and that these defendants have refused to continue the pain medications he received before Wexford assumed responsibility for medical care at Mount Olive on May 1, 2008. Id. at 4. He contends that Tums and Motrin are grossly inadequate treatment for his conditions. Id. at 5.

## STANDARD OF REVIEW

In Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court elaborated on its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as

> true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [Twombly, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

### ANALYSIS

**A. Deliberate indifference standard.**

Federal courts are discouraged from interfering with the daily operations and administration of state correctional facilities. See Bell v. Wolfish, 441 U.S. 520, 562 (1979) (warning courts against becoming "enmeshed in the minutiae of prison operations"). Inquiry of federal courts into prison management must be limited to the issue of whether a particular administrative action violates the federal Constitution. Id. Plaintiff has alleged that each of the defendants has violated his Eighth Amendment right to be free from cruel and unusual punishment.

4

In 1976, the Supreme Court set the standard for evaluating whether a prisoner's Eighth Amendment right to be free of cruel and unusual punishment was violated based upon a prison healthcare provider's deliberate indifference (subjective component) to the prisoner's serious medical needs (objective component). Estelle v. Gamble, 429 U.S. 97 (1976). The Court found that deliberate indifference can be demonstrated in at least three different ways: "by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." 429 U.S. at 104-05 (citations omitted).

Addressing the objective component first, "serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Munic. of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990); Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1976)).

In Smith v. Smith, ___ F.3d ___, No. 08-7139, 2009 WL 5066663 (4th Cir. Dec. 28, 2009), the Fourth Circuit ruled that an inmate stated a claim against a prison nurse for her alleged deliberate indifference to the plaintiff's serious medical need when she tore up the paperwork needed for him to receive treatment. Her actions delayed his treatment from May 20 to June 6. Delayed medical

treatment can constitute a manifestation of deliberate indifference. Estelle, 429 U.S. at 104-05 n.11 (citing Westlake v. Lucas, 537 F.2d 857, 859 (6th Cir. 1976)).

In the unpublished decision of Moore v. Bennette, No. 03-7699, 97 Fed. App'x 405, 2004 WL 914502 (4th Cir. Apr. 30, 2004), the Fourth Circuit vacated a district court's summary dismissal of an inmate's civil rights complaint and concluded that the inmate "sufficiently stated . . . a claim of deliberate indifference to his medical needs with regard to his Hepatitis C condition, his pancreatic conditions, and the gout in his hand."

The defendants' synopsis of Plaintiff's care is not appropriately before the Court on a motion to dismiss, which is limited to review of the Complaint.  However, the Court notes that the synopsis reflects no treatment of Plaintiff's hepatitis C other than a statement that it will be "monitored."

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint sufficiently states a claim upon which relief can be granted against the defendants.  His Complaint clearly alleges that Wexford has a practice and policy of denying and delaying medical care, and providing medical care that does not alleviate suffering from pain.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the Motion to Dismiss (# 13).

The parties are notified that this Proposed Findings and

6

Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to opposing counsel and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff and to transmit it to counsel of record.

February 16, 2010
    Date

Mary E. Stanley
United States Magistrate Judge

7